# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN NANCE, | ) | CASE NO. 1:09CV1536 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| KEITH SMITH, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** |

This action is before the Court upon objections filed by Petitioner Kevin Nance, asserting error in the Report and Recommendation ("the Report") of Magistrate Judge James R. Knepp, II. The Court ADOPTS the Report (Doc. 11) in its entirety. The Petition is DENIED.

Where objections are made to a magistrate judge's Report and Recommendation, this Court must:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). The Court has reviewed *de novo* the Report and Recommendation as it relates to Nance's objections. The objections lack merit.

1

**I.     Analysis**

Nance first contends that grounds one and two of his petition warrant relief.  Specifically, Nance contends that there was insufficient evidence to support his conviction.  Nance, however, has failed to identify or even argue that the Report is erroneous.  Instead, Nance uses his objections to simply reiterate the arguments in his petition and traverse.  Nance devotes numerous pages to re-arguing whether the State proved prior calculation and design and whether he proved self-defense.  Both of these issues were fully analyzed in the Report.  Nance's objections point to no error in those analyses.  Accordingly, Nance's generalized objections are akin to no objection at all.  With respect to grounds one and two in the petition, the Report is adopted in its entirety.

Nance also objects to the Report's determination that his third ground for relief is not cognizable in habeas.  In that respect, the Report concluded that Nance's challenge to the trial court's failure to consider the mitigating factors listed in the Ohio Revised Code cannot form a basis for habeas relief. Here again, Nance has raised no argument that the Report is in error.  Instead, Nance has reiterated his claim that the trial court erred under state law.  As the Report properly concluded that this *state law* error cannot be raised in habeas, Nance's objection lacks merit.

Similarly, Nance asserts that he objects to the resolution of his fourth ground for relief.  The Report fully analyzed Nance's claim as an Equal Protection challenge.  Again, Nance has not even argued error in the Report.  Instead, he simply argues the merits of his claim, just as he did in the petition.  The objection, therefore, is overruled.

Finally, Nance's objections to the Report's resolution of fifth ground for relief suffer from the same deficiency. Nance does not identify error in the Report's analysis. He simply reargues his petition. The objection is overruled.

The Court recognizes that Nance put significant effort into filing his "objections." The objections in fact total 21 pages, longer than the 14-page Report that resolved his petition. However, at no point in those 21 pages has Nance even hinted at error in the Report. Instead, he has used the objections as one more opportunity to reiterate the arguments in his petition and traverse. As such, his objections are legally insufficient to challenge the Report.

**II. Conclusion**

The Court hereby ADOPTS the Report and Recommendation in its entirety. Nance's Petition for Habeas Corpus is DISMISSED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. There is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

February 11, 2011 /s/ John R. Adams
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT